Samuel Gold, J.
This is an application pursuant to article 78 of the Civil Practice Act to compel the Fire Commissioner to enforce a section of the Administrative Code of the City of *185 New York, dealing with the declaring of buildings, which are perilous to life in case of fire by reason of overcrowding, a nuisance and abating such nuisance; to prepare objective criteria for determining the existence of overcrowding in public schools in New York City; and to make regular inspections to determine the existence of such overcrowding. The application also asks that the Superintendent of Schools and the Board of Education be compelled to take all necessary steps to eliminate perilous overcrowding in schools where it exists. One petitioner, Klugherz, is the parent of a school child, appearing for herself and others similarly situated. The other petitioner, Cogen, is the President of the United Federation of Teachers, appearing for teachers in New York City public schools.
It is not incumbent upon respondents, in such a proceeding as this, to show in the first instance that there is no serious overcrowding of schools. On the contrary, it is legally mandatory for petitioners to demonstrate overcrowded conditions to such an extent that it is clear that respondents have failed to perform their legally constituted duties with respect to petitioners. Here there has been no showing that the alleged overcrowding constitutes a peril to life in case of fire, and therefore a nuisance, as is required by section 491a2-2.0 of the Administrative Code of the City of New York. No particular school building has been so cited. No expert evidence has been produced to such effect. Only the commendable, but inexpert, conclusions of a parent and the president of a teachers ’ association appears. A mere statement of figures as to enrollment, building capacity and presumed occupancy, taken from a concededly incomplete report, can often be misleading, and much more is required in the way of evidentiary matter conclusively to substantiate petitioners’ contentions.
Respondents have, in fact, specifically determined, after inspection and investigation, that “ overcrowded conditions do not exist in the public schools of the City of New York which would in any wise constitute a hazard to the safety of any of the occupants of said schools.”
.This determination, in light of no substantial evidence to the contrary, cannot be said to be so arbitrary and capricious as to require a court order to compel respondents to perform their legal duties. This court will not order acts to be done where no evidence exists that said acts are not already being properly performed.
It is obvious that petitioners’ proof falls far short of that necessary for the courts to interfere in the procedures adopted *186 by the Fire Department and the Board of Education to safeguard both students and teachers while in the schools. Any objective criteria that need be adopted in determining overcrowded conditions in our schools is a proper function of the legislative branch of our city government.
The high-minded aims and aspirations of petitioners in bringing this proceeding cannot be doubted and their public spirited purposes are laudatory. Nevertheless, this court is bound by the legal limitations on its action in this type of proceeding as imposed by the Legislature. There has not been a sufficient showing of facts to entitle petitioners to the relief sought (Civ. Prac. Act, § 1293). The petition is dismissed.